[No. 6523.]

COWAN V. HOWARD.

APPEALS—*Findings of Fact Conclusive*—The general rule well established, is, that upon review, the findings of the trial court will not be disturbed—(158).

The evidence examined and the case held within the rule, and not within any exception to it—(159).

*Error to Denver District Court*—HON. GEORGE W. ALLEN, Judge.

Messrs. RICHARDSON & HAWKINS and Mr. STEPHEN W. RYAN for plaintiff in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff Cowan brought suit against defendants to recover $500, which he claimed to be due him on contract. Trial in the district court without a jury resulted in a verdict for defendants. On this review no legal questions are raised, only issues of fact are involved. The plaintiff says in his complaint, and in his testimony, that defendants agreed to pay him $500 if he would cancel, and release them from the obligations of, an exclusive written option for the sale of their lands, which he held, and which ran ninety days, and that, relying upon such promise, he cancelled the option. Upon the material fact as to the promise there was testimony by defendant David Howard in behalf of defendants. For plaintiff, he himself and Mr. Alexander, who was interested, testified. That for plaintiff was squarely contradicted by that for defendants. The testimony of Mary Howard, which bore more or less directly upon the principal issue, was also given and it tended to support her co-defendant. Such being the case, the well-established general rule in this jurisdiction is that, upon a review, the findings of fact of the trial court will not be disturbed.

Plaintiff's counsel, however, seek to bring this case within its claimed exceptions; that the preponderance of evidence was clearly in plaintiff's favor and that the

court misconceived its legal effect. The argument is that since there were but three witnesses, the plaintiff, the defendant David Howard, both of whom were interested, and Alexander, a disinterested witness, and since the court considered them equally credible, the peponderance is to be determined by the number of witnesses, and that as the testimony of two of the three tended to establish plaintiff's claim, the finding should have been in his favor. There are several answers to this contention. Alexander was not a disinterested witness. He himself, as well as the plaintiff, says that he was equally interested with plaintiff in the judgment the latter might obtain. The trial court did not conclude that these witnesses were equally credible. In the oral opinion and findings which are incorporated in the record, the trial court did say that the preponderance of evidence was not with plaintiff, but the learned judge did not say, even by inference, that he believed that each of these three witnesses told the truth, or that each of them was worthy of full belief. The court was justified, if he believed the testimony of defendants to be true, in making a finding in their favor. In addition to the oral testimony there were circumstances in evidence tending to corroborate defendants and to discredit plaintiff. The trial court was better able to judge of the credibility of witnesses than we are, and as there is nothing in this case as made by the evidence to bring it within any of the recognized exceptions thereto, we must enforce the general rule announced. With respect to defendant David Howard there is no warrant whatever in the evidence tending to show that he was holden to plaintiff. The lands belonged to Mary Howard. She alone, and not her husband, David, signed the written option, and there is no evidence that David consented to be bound by the written option, or that there was any consideration for his alleged promise to pay the $500. If David was authorized by

Mary, as to which the evidence is not clear, to make an agreement for the payment of money in consideration of the cancellation of the option, the trial court found, and there is legal, competent, and sufficient evidence to sustain the finding, that David did not make any such promise either for Mary or for himself.

The judgment is therefore affirmed.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.